UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CECIL RAYMOND HAWKINS, JR.,

                Petitioner,                Case Number: 01-CV-73630

v.                                     HON. GEORGE CARAM STEEH

JOHN CASON,

                Respondent.

                                     /

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 59(E)

Petitioner Cecil Raymond Hawkins, Jr., filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 18, 2004, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus.  Petitioner then filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b), which the Court denied on February 17, 2005.  Now before the Court is Petitioner's "Motion for Reconsideration under Fed. R. Civ. P. 59(e)," in which Petitioner asks the Court to alter or amend its decision denying his motion for reconsideration.

Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion."  Keweenaw Bay Indian Community v. United States, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing* Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

(1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

Nagle Industries, Inc. v . Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing* Keweenaw Bay, 940 F. Supp. at 1141).  "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" Id., *(quoting* Keweenaw Bay, 904 F. Supp. at 1141).

None of the arguments set forth by Petitioner in support of his Motion satisfy the standards under which Rule 59(e) motions may be granted.  Petitioner does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Petitioner's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted, that evidence warranting habeas corpus relief which was previously unavailable suddenly has become available.  Thus, Petitioner has failed to show entitlement to relief under Rule 59(e).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration under Fed. R. Civ. P. Rule 59(e) is **DENIED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 9, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk