UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECIL RAYMOND HAWKINS, JR.,

        Petitioner,         Case Number: 01-CV-73630

v.         HON. GEORGE CARAM STEEH

S. L. BURT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY

Petitioner Cecil Hawkins, a state inmate currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 18, 2004, this Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus.  Petitioner then filed a Motion for Relief from Judgment.  On February 17, 2005, the Court issued an Order Denying Petitioner's Motion for Relief from Judgment.  Petitioner filed a Motion for Reconsideration of the Court's Order Denying Petitioner's Motion for Relief from Judgment, which the Court also denied.  Now before the Court is Petitioner's request for a certificate of appealability to appeal the Court's denial of his Motion for Relief from Judgment and Motion for Reconsideration.

Before a petitioner may appeal the denial of a Motion for Relief from Judgment filed pursuant to Fed. R. Civ. P. 60(b), a certificate of appealability (COA) must issue.  28

U.S.C. § 2253(c)(1)(A); *see* Lazo v. United States, 314 F.3d 571, 574 (11th Cir. 2002) (holding that "a COA is a necessary prerequisite to appealing the denial of the 60(b) motion."); Kellogg v. Strack, 269 F.3d 100, 103 (2nd Cir. 2001) ("[T]he COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition."). A COA is also necessary for appealing the denial of a motion for reconsideration. *See* Watt v. United States, 96 Fed. Appx. 287, 288-89 (6th Cir. 2004).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner seeks a certificate of appealability from the denial of a habeas petition, the Supreme Court has held that the substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Second Circuit Court of Appeals has articulated this standard in the context of the denial of a Rule 60(b) motion as follows:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

Kellogg, 269 F.3d at 104.

This Court denied Petitioner's Motion for Relief from Judgment, filed pursuant to

Fed. R. Civ. P. 60(b)(3), because such relief is appropriate only if the denial of a petition was "clearly produced by the state's misrepresentation in the habeas proceedings," and Petitioner failed to satisfy this standard. Buell v. Anderson, 48 Fed. Appx. 491, 496 (6th Cir. 2002). This Court finds that jurists of reason would not find that the Court abused its discretion in denying the motion for relief from judgment or the motion for reconsideration of that order. The Court shall deny Petitioner's request for a certificate of appealability.

Accordingly, **IT IS ORDERED** that Petitioner's request for a certificate of appealability [Dkt. # 94] is **DENIED**.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: March 8, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 8, 2006, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Case Manager/Deputy Clerk